Brian M. Blum, 024243
**BLUM LAW OFFICE, PLC**
8283 N. Hayden Rd., Suite 135
Scottsdale, Arizona  85258
Tel: (480) 292-8423 | Fax: (480) 240-1355
bmb@blumplc.com

Attorney for Plaintiff

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Cox Communications, Inc., a Delaware corporation, | Case No. |
| Plaintiff, | **COMPLAINT** |
| vs. | (Violation of The Cable Communications Policy Act; Violation of Electronic Communications Privacy Act; Violation of A.R.S. §§13-3709, 13-3710; Unjust Enrichment) |
| Tina Saiz and Fabian Ortiz, | |
| Defendants. | |
| | (Jury Trial Demanded) |

### PARTIES, JURISDICTION AND VENUE

1.      Cox Communications, Inc. ("Plaintiff") is a Delaware corporation with its principal place of business in Atlanta, Georgia.

2.      Upon information and belief, Tina Saiz and Fabian Ortiz ("Defendants") area a married couple residing in Maricopa County, Arizona.

3.      This Court has jurisdiction under 28 U.S.C. § 1331.

4.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

### GENERAL ALLEGATIONS

5.      Plaintiff realleges the preceding paragraphs.

6.      Plaintiff is the owner and operator of a cable television system used for the signal generation, transmission and reception of video programming to subscribers within

the State of Arizona and nationwide.

7.    Plaintiff sells "basic," "standard," and "premium" programming packages to subscribers for a monthly fee.  Additionally, Plaintiff sells Pay-Per-View programming, a service that enables subscribers to purchase individual movies, sporting events or other entertainment for a per event fee over and above programming package fees.

8.    Plaintiff transmits the programming signal from its reception facilities to residential subscribers through a network of cable wiring and equipment (the "System").

9.    Plaintiff encodes ("scrambles") the signal for specific programming as a security measure to prevent unauthorized access to programs.   Plaintiff provides subscribers with a device (the "Set-top Box") that converts and decodes the signal into a form that subscribers can view on a television set.  Plaintiff controls which programs a subscriber can view by remotely programming the Set-top Box to display the programs the subscriber has ordered.

10.    Upon information and belief, beginning on or about April 14, 1999 and during the three months thereafter Defendants purchased at least thirty bootleg "pirate" cable television decoding equipment devices (the "Piracy Equipment") from Wholesale Electronics, a manufacturer and distributor of such illegal equipment.

11.    Upon information and belief, the Piracy Equipment was mailed to Defendants at their address located at 1830 N. 46th Drive, Phoenix, AZ 85035.

12.    Plaintiff first discovered that Defendants had purchased the Piracy Equipment in or around June 1, 2006.

13.    The Piracy Equipment was designed only for the purpose of circumventing the security functions of Plaintiff's scrambling technology to allow the user to view premium and Pay-Per-View cable television programs without paying the requisite

BLUM LAW OFFICE PLC
Scottsdale, Arizona

1  subscription fee.

2      14.    Upon information and belief, Defendants sold and distributed the Piracy

3  Equipment to third parties.

4                              **COUNT ONE**

5      **Violation of The Cable Communications Policy Act, 47 U.S.C. § 553(a)(1)**

6                **(Intercepting or receiving for Defendants' use)**

7      15.    Plaintiff realleges the preceding paragraphs.

8      16.    Upon information and belief, Defendants violated 47 U.S.C. § 553(a)(1)

9  when he connected the Piracy Equipment to the System in order to intercept or receive or

10 assist in intercepting or receiving the communications service offered over Plaintiff's cable

11 system.  Defendants' action was unauthorized by Plaintiff.

12     17.    Plaintiff has suffered injury as a result of Defendants' conduct.

13     18.    Plaintiff has no adequate remedy at law to redress continued violations.

14 **WHEREFORE**, Plaintiff requests that this Court:

15     A.    Grant a temporary and final injunction to prevent or restrain continued

16 violations of 47 U.S.C. § 553(a)(1) pursuant to 47 U.S.C. § 553(C)(2)(A);

17     B.    Award Plaintiff its actual damages in an amount to be proven at trial

18 pursuant to 47 U.S.C. § 553(C)(3)(A)(i);

19     C.    Award Plaintiff statutory damages in the maximum amount of $10,000

20 pursuant to 47 U.S.C. § 553(c)(3)(A)(ii);

21     D.    Award Plaintiff its attorneys' fees and costs pursuant to 47 U.S.C. §

22 553(c)(2)(C); and

23     E.    Grant Plaintiff other such relief deemed just and proper.

24 //

BLUM LAW OFFICE PLC
Scottsdale, Arizona

BLUM LAW OFFICE PLC
Scottsdale, Arizona

**COUNT TWO**

**Violation of The Cable Communications Policy Act, 47 U.S.C. § 553(a)(1)**

**(Assisting in intercepting or receiving)**

19.    Plaintiff realleges the preceding paragraphs.

20.    Upon information and belief, Defendants violated 47 U.S.C. § 553(a)(1) when he distributed the Piracy Equipment to third parties in order assist them in intercepting or receiving the communications service offered over Plaintiff's cable system. Defendants' action was unauthorized by Plaintiff.

21.     Upon information and belief, Defendants distributed the Piracy Equipment to third parties willfully and for purposes of commercial advantage or private financial gain.

22.    Plaintiff has suffered injury as a result of Defendants' conduct.

23.    Plaintiff has no adequate remedy at law to redress continued violations.

**WHEREFORE**, Plaintiff requests that this Court:

A.    Grant a temporary and final injunction to prevent or restrain continued violations of 47 U.S.C. § 553(b)(2) pursuant to 47 U.S.C. § 553(C)(2)(A);

B.    Award Plaintiff its actual damages in an amount to be proven at trial pursuant to 47 U.S.C. § 553(C)(3)(A)(i);

C.    Award Plaintiff statutory damages in the maximum amount of $50,000 for the first offense and $100,000 for each additional offence pursuant to 47 U.S.C. § 553(b)(2);

D.    Award Plaintiff its attorneys' fees and costs pursuant to 47 U.S.C. § 553(c)(2)(C); and

E.    Grant Plaintiff other such relief deemed just and proper.

**COUNT THREE**

**Violation of The Cable Communications Policy Act, 47 U.S.C. §§ 605(a), 605(e)(4)**

24.     Plaintiff realleges the preceding paragraphs.

25.     Upon information and belief, Defendants violated 47 U.S.C. §§ 605(a) and 605(e)(4) when he knowingly distributed the Piracy Equipment to third parties in order assist them in intercepting or receiving the communications service offered over Plaintiff's cable system.  Defendants' action was unauthorized by Plaintiff.

26.      Upon information and belief, Defendants distributed the Piracy Equipment to third parties willfully and for purposes of commercial advantage or private financial gain.

27.     Plaintiff has suffered injury as a result of Defendants' conduct.

28.     Plaintiff has no adequate remedy at law to redress continued violations.

29.     Grant Plaintiff other such relief deemed just and proper.

**WHEREFORE**, Plaintiff requests that this Court:

A.     Grant a temporary and final injunction to prevent or restrain continued violations of 47 U.S.C. § 605(a) pursuant to 47 U.S.C. § 605(e)(3)(B)(i);

B.     Award Plaintiff its actual damages in an amount to be proven at trial and the profits of Defendants that are attributable to the violation of 47 U.S.C. § 605(a) pursuant to 47 U.S.C. § 605(e)(3)(C)(i)(I);

C.     Award Plaintiff statutory damages in the maximum amount of $10,000 for each violation of 47 U.S.C. § 605(a), pursuant to 47 U.S.C. § 605(e)(3)(C)(i)(I);

D.     Award Plaintiff additional damages in the maximum amount of $100,000 for each violation of 47 U.S.C. § 605(a) pursuant to 47 U.S.C. § 605(e)(3)(C)(ii) because Defendants acted willfully and for purposes of direct or indirect commercial advantage or

BLUM LAW OFFICE PLC
Scottsdale, Arizona

BLUM LAW OFFICE PLC
Scottsdale, Arizona

1 private financial gain;

2     E.    Award Plaintiff statutory damages in the maximum amount of $100,000 for

3 each violation 47 U.S.C. § 605(e)(4) pursuant to pursuant to 47 U.S.C. §

4 605(e)(3)(C)(i)(II);

5     F.    Award Plaintiff its attorneys' fees and costs pursuant to 47 U.S.C. §

6 605(e)(3)(B)(iii); and

7     G.    Grant Plaintiff other such relief deemed just and proper.

8 **COUNT FOUR**

9 **Violation of Electronic Communications Privacy Act 18 U.S.C. §§ 2510, *et seq.***

10     30.    Plaintiff realleges the preceding paragraphs.

11     31.    Upon information and belief, Defendants violated 18 U.S.C. §§ 2510 when

12 he connected the Piracy Equipment to Plaintiff's System with the intent to intercept, or

13 procure another person to intercept or endeavored to intercept a wire, oral, or other

14 electronic communication.

15     32.    Plaintiff has suffered injury as a result of Defendants' conduct.

16 **WHEREFORE**, Plaintiff requests that this Court:

17     A.    Pursuant to 18 U.S.C. § 2520(b)(1), permanently enjoin Defendants from

18 purchasing, using, selling, or distributing any equipment which enables him to defraud

19 Plaintiff of part of the fee Plaintiff charges for its services.

20     B.    Award Plaintiff damages pursuant to 18 U.S.C. § 2520(c)(2) in an amount

21 equal to the greater of (1) Actual damages in an amount to be proven at trial, pursuant to

22 18 U.S.C. § 2520(c)(2); or (2) Statutory damages of whichever is greater of $100 a day

23 for each violation or $10,000;

24     C.    Award Plaintiff its attorneys' fees and costs pursuant to 18 U.S.C.

1  2520(b)(3);

2      D.     Award Plaintiff punitive damages in an amount to be proven at trial pursuant

3  to 18 U.S.C. § 2520(b)(2); and

4      E.     Grant Plaintiff other such relief deemed just and proper.

5                                    **COUNT FIVE**

6                        **Violation of Ariz. Rev. Stat. § 13-3709**

7      33.    Plaintiff realleges the preceding paragraphs.

8      34.    Plaintiff operates a "cable television system" within the meaning of Ariz.

9  Rev. Stat. ("A.R.S.") § 9-505.   The Piracy Equipment is an "unauthorized device" as

10  defined in A.R.S. §13-3709.

11      35.    Upon information and belief, Defendants violated A.R.S. § 13-3709 when he

12  connected the Piracy Equipment to Plaintiff's System with the intent to defraud Plaintiff of

13  part of the lawful charge for services provided by Plaintiff.

14  **WHEREFORE** Plaintiff requests that this Court:

15      A.     Permanently enjoin Defendants from purchasing or using any equipment

16  which enables him to defraud Plaintiff of part of the fee Plaintiff charges for its services;

17      B.     Award Plaintiff actual damages in an amount to be proven at trial;

18      C.     Award Plaintiff its attorneys' fees and costs pursuant to A.R.S. § 13-

19  3709(E); and

20      D.     Award Plaintiff other such relief deemed just and proper.

21

22

23  //

24  //

BLUM LAW OFFICE PLC
Scottsdale, Arizona

**COUNT SIX**

**Violation of Ariz. Rev. Stat. § 13-3710**

36.     Plaintiff realleges the preceding paragraphs.

37.     Plaintiff operates a "cable television system" within the meaning of Ariz. Rev. Stat. ("A.R.S.") § 9-505.   The Piracy Equipment is an "unauthorized device" as defined in ARS §13-3709.

38.     Upon information and belief, Defendants violated A.R.S. § 13-3710 when he distributed the Piracy Equipment for profit to third parties with the intent to defraud Plaintiff of part of the lawful charge for services provided by Plaintiff.

**WHEREFORE** Plaintiff requests that this Court:

A.      Permanently enjoin Defendants from purchasing or using any equipment which enables him to defraud Plaintiff of part of the fee Plaintiff charges for its services;

B.      Award Plaintiff actual damages in an amount to be proven at trial;

C.      Award Plaintiff its attorneys' fees and costs pursuant to A.R.S. § 13-3710(B); and

D.      Award Plaintiff other such relief deemed just and proper.

**COUNT SEVEN**

**Unjust Enrichment**

39.     Plaintiff realleges the preceding paragraphs.

40.     Upon information and belief, Defendants used Plaintiff's services without paying the proper subscription fee.

41.     No remedy at law sufficiently addresses Defendants' unjust enrichment.

**WHEREFORE**, Plaintiff requests that this Court:

A.      Award Plaintiff its actual damages in an amount to be proven at trial;

BLUM LAW OFFICE PLC
Scottsdale, Arizona

1    B.    Award Plaintiff its attorneys' fees and costs; and

2    C.    Award Plaintiff any other relief deemed just and proper.

3    DATED: April 10, 2008.            **BLUM LAW OFFICE, PLC**

4                                      s/ Brian M. Blum
                                       Brian M. Blum
5                                      Attorney for Plaintiff

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

BLUM LAW OFFICE PLC
Scottsdale, Arizona